UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VILAYCHITH KHOUANMANY,<br><br>Petitioner,<br><br>v.<br><br>DANIEL K. PAINTER, et al.,<br><br>Respondents. | No. 2:24-cv-01189-CKD<br><br><br><br>ORDER |

Petitioner is a former federal prisoner currently on home confinement who filed a habeas corpus petition pursuant to 28 U.S.C. § 2241 along with a motion to proceed in forma pauperis. Also pending before the court is petitioner's motion to amend the § 2241 petition, a motion for a temporary restraining order, and a request for the appointment of counsel. ECF Nos. 6, 8. The court addresses each motion in turn.

**I.      Factual and Procedural History**

Petitioner is serving a sentence imposed by the Southern District of Iowa but is on home confinement through the Bureau of Prisons ("BOP") in this judicial district. ECF No. 1 at 1. In her § 2241 application, petitioner challenges the execution of her sentence based on BOP's failure to apply her Earned Time Credits ("ETCs") under the First Step Act to her period of home confinement or supervised release. By way of relief, petitioner seeks to have her ETCs applied as well as her community hours while on home confinement restored. Petitioner also specifically

requests a court order preventing her BOP case manager from retaliating against her.

## II.     Legal Standards

Rule 4 of the Rules Governing § 2254 Cases requires the court to conduct a preliminary review of each petition for writ of habeas corpus.[1]  While pro se habeas corpus petitions are liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), the court must dismiss a petition "[i]f it plainly appears from the petition...that the petitioner is not entitled to relief." Rules Governing Habeas Corpus Cases Under Section 2254, Rule 4; Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested. Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error.  Mayle v. Felix, 545 U.S. 644, 655 (2005) ("Habeas Corpus Rule 2(c) is more demanding").  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal.  Hendricks, 908 F.2d at 491.  A court may dismiss a petition when "it appears from the application that the applicant or person detained is not entitled" to habeas relief.  28 U.S.C. § 2243.  However, a habeas petition should not be dismissed without leave to amend "unless it appears that no tenable claim for relief can be pleaded were such leave to be granted."  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

## III.    Motion to Amend § 2241 Petition

Before the court could conduct its preliminary review of the § 2241 application, petitioner filed a motion to amend.  ECF No. 8.  On June 21, 2024, petitioner also filed an addendum to her § 2241 petition raising a new challenge to disciplinary charges issued by the BOP Center Discipline Committee.  ECF No. 10.  Because petitioner is attempting to add additional claims to her § 2241 petition before it has been served on respondent, the court will grant petitioner's motion to amend her petition.  See Fed. R. Civ. P. 15(a)(1).  Within 30 days from the date of this order, petitioner may file an amended § 2241 petition containing all the claims challenging the

---

[1] The Rules Governing § 2254 cases in the United States Courts may be applied to habeas corpus petitions filed pursuant to 28 U.S.C. § 2241.  See Rules Governing Habeas Corpus Cases Under Section 2254, Rule 1(b).

manner, location, or conditions involved in the execution of her sentence that she wishes to present to the court. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (describing types of claims that may be presented in a § 2241 petition filed by a federal inmate); see also Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967) (finding that an amended complaint supersedes the original complaint); Local Rule 220 (requiring an amended pleading to be complete in itself without reference to any prior pleading).

### IV. Motion for Temporary Restraining Order and Request for Counsel

Petitioner also filed a motion labeled as a request for a temporary restraining order. ECF No. 8. In the motion, petitioner seeks an immediate order: 1) appointing her a new case manager while on home confinement; 2) the reinstatement of her job at Papa Murphy's; 3) the approval of her travel requests to the courthouse and her attorney's office; 4) the dismissal of all incident reports against her; and, a permanent restraining order to keep Daniel Painter, her case manager, away from her. ECF No. 8.

The purpose of a temporary restraining order is to preserve the relative positions of the parties until a trial on the merits can be held. See University of Texas v. Camenisch, 451 U.S. 390, 395 (1981). To be entitled to such preliminary injunctive relief, a party must demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 22 (2008) (internal quotations omitted).

Petitioner's motion only focuses on the injunctive relief sought and does not address any of the factors required to obtain a temporary restraining order. Based on this deficiency as well as the dismissal of petitioner's § 2241 application with leave to amend, the court denies the motion for a temporary restraining order without prejudice.

In the same motion, petitioner also requests the appointment of counsel. ECF No. 8. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See

3

1 | Rule 8(c), Fed. R. Governing § 2254 Cases.  In the present case, the court does not find that the
2 | interests of justice would be served by the appointment of counsel at the present time.  Therefore,
3 | petitioner's motion is denied without prejudice.

4 |     Accordingly, IT IS HEREBY ORDERED that:

5 |     1. Petitioner's motion to proceed in forma pauperis (ECF No. 2) is granted.

6 |     2. Petitioner's motion to amend the § 2241 petition (ECF No. 6) is granted.

7 |     3. The petition for writ of habeas corpus (ECF No. 1) is dismissed with leave to amend.

8 |     4. Within 30 days from the date of this order, petitioner may file a first amended § 2241
9 | petition on the form provided that contains all potential claims for relief

10 |     5. The Clerk of the Court is directed to send petitioner a copy of the § 2241 habeas corpus
11 | petition form.

12 |     6. Petitioner's motion for a temporary restraining order and request for the appointment
13 | of counsel (ECF No. 8) is denied without prejudice.

14 |     7. The failure to file an amended § 2241 petition within the time provided shall result in a
15 | recommendation that this action be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil
16 | Procedure.

17 | Dated:  October 18, 2024

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

25 | 12/khou1189.2241.lta+tro

4